# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA; FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION; FLORIDA DEPARTMENT OF MANAGEMENT SERVICES; CATHOLIC MEDICAL ASSOCIATION, on behalf of its current and future members,

    *Plaintiffs*,

DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services; MELANIE FONTES RAINER, in her official capacity as the Director of the Office for Civil Rights; THE CENTERS FOR MEDICARE AND MEDICAID; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid,

    *Defendants*.

No. 8:24-cv-_____

## DECLARATION OF TEELA SANDERS

I, TEELA SANDERS, declare as follows:

1. My name is Teela Sanders, and I have personal knowledge of the following statements.

2. I am employed by the Florida Department of Management Services ("DMS") as Director of the Division of State Group Insurance. I have been with the Division for five months and stepped into this role with extensive public sector health insurance experience.

3. DMS is a state agency charged with, among other things, the purchase of health insurance coverage for Florida's state employees under the State Group Health Insurance Program. The State Group Health Insurance Program covers active and retired employees, their eligible dependents, and surviving spouses from the executive, legislative, and judicial branches of the state government, state universities, and other statutorily defined Florida agencies. All but one of the insurance plans offered under the State Group Health Insurance Program are self-funded, wherein the State of Florida pays the cost of covered claims directly.

4. The State Group Health Insurance Program provides health insurance for Florida's state employees and offers employees the option to also insure their spouses and children up to age 26 (or older in certain circumstances). As of March 2024, the State Group Health Insurance Program had approximately 310,750 members.

5. I have reviewed the new Department of Health and Human Services ("HHS") "Nondiscrimination in Health Programs and Activities" rules (the "2024 Rules"), prohibiting covered entities from having or implementing a categorical coverage exclusion or limitation for all health services related to a gender-transition protocol. I understand that this requirement is applicable to entities operating health activities or programs, including health insurance issuers, receiving federal financial assistance from HHS.

6. As the State Group Health Insurance Program provides coverage to retirees, it is currently a recipient of federal financial assistance, such as the Retiree

Drug Subsidy ("RDS") from the Centers for Medicare and Medicaid Services ("CMS"), a part of HHS.

7. For over 40 years, the State Group Health Insurance Program has excluded coverage for gender-transition drugs and surgeries. Changes to coverage policies require prior approval of the Florida legislature.

8. As of 2023, using state funds on sex-reassignment prescriptions or procedures for the State Group Health Insurance Program is further prohibited by Florida law. Fla. Stat. § 286.311.

9. The plan, however, does provide for psychological counseling, including counseling for gender dysphoria, under the mental health benefit.

10. If Florida is now required by the 2024 Rules to cover such drugs and surgeries for gender transitions, then the State of Florida will incur increased costs for health insurance. The costs for such coverage can range from thousands of dollars to over six figures.

11. Even if in some individualized cases coverage can be denied without violating the 2024 Rules, under a case-by-case approach, the State of Florida will incur indirect administrative costs if the denial of a claim is appealed. Members may appeal the denial of a claim, first to the insurer and subsequently to an Independent Review Organization and the Division of State Group Insurance. A denial by the Division of State Group Insurance entitles the member to an administrative hearing. The resulting final order is then subject to judicial review. Associated administrative costs of the

appeal vary. The current exclusion, however, substantially reduces Florida's administrative costs.

12.     Further, under the 2024 Rules, denying insurance coverage or claims for a gender-transition intervention would subject Florida to an increased risk of burdensome private lawsuits and OCR investigations for alleged "gender identity" discrimination, imposing litigation costs on Florida, and threating a devastating loss of federal financial assistance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of May 2024.

DocuSigned by:

*Teela Sanders*

CBC0AE83663B495...

TEELA SANDERS