IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **STATE OF FLORIDA,** *et al.*<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>**DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *et al.*<br><br>　　　　　　　Defendants. | Case No. 8:24-cv-01080-WFJ-TGW |

### MOTION FOR AN EXTENSION OF TIME

Pursuant to Local Rule 3.01, Defendants respectfully ask for a 15-day extension of time to respond to Plaintiffs' preliminary injunction motion, ECF No. 12, making their deadline to respond June 13, 2024. Good cause supports this request:

1. Important issues of nationwide significance are raised by Plaintiffs' motion, which will require significant review and coordination within the Executive Branch. Plaintiffs are seeking a nationwide preliminary injunction that would seemingly preclude the Department of Health and Human Services ("HHS") from taking any action against health care providers and covered entities across the country for denying care or denying insurance coverage—whether for a sore throat, a broken bone, or cancer—just because of the patient's race, color, national origin, sex, age, or disability. ECF No. 12-5 (seeking, *e.g.*, to enjoin enforcement of all provisions in 45 C.F.R. § 92.101).

1

2. Plaintiffs filed their motion for preliminary injunction on May 15, 2024. Under the current schedule, Defendants' opposition is due on May 29, 2024. Defendants respectfully request an extension up to and until June 13, 2024. Such extension is necessary due to the press of business, the amount of time required to provide the Court with fulsome and sufficient briefing on the preliminary injunction factors, the nationwide import of the issues at stake, and the need for review of Defendants' briefing within both HHS and the Department of Justice before the brief can be filed.

3. Defendants respectfully submit that briefing the issues in Plaintiffs' motion on a more expedited basis would be severely prejudicial to Defendants because it would force Defendants to provide the Court with rushed views on Plaintiffs' motion to preliminarily enjoin HHS from enforcing portions of a significant rule recently issued by HHS following more than a year of notice-and-comment rulemaking.

4. In contrast, Plaintiffs will not be prejudiced by a delay. To the extent that Plaintiffs may argue that they need a shorter briefing schedule because of the upcoming effective date of HHS's Final Rule on July 5, that argument is without merit. Plaintiffs are seeking to prevent potential enforcement actions that may occur under HHS's new Final Rule. Plaintiffs have not shown that any enforcement proceeding is certainly impending on or immediately after July 5. And even if one is, being subject to an enforcement proceeding alone does not constitute irreparable harm, *FTC v. Standard Oil*, 449 U.S. 232, 244 (1980), and

2

thus any emergency here is artificial. Moreover, the provisions of the rule that Plaintiffs ask the Court to preliminarily enjoin HHS from enforcing do not include a specific demand that any Plaintiff change any of its laws, regulations, polices or practices.[1]

5. In May 2021, HHS notified the public of its decision to enforce Section 1557's prohibition on discrimination on the basis of sex to include sexual orientation and gender identity discrimination. *Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972*, 86 Fed. Reg. 27,984, 27,985 (May 25, 2021). Plaintiffs' failure to allege or identify a single enforcement action for discriminating on the basis of gender identity in the past three years since HHS issued that notification severely undercuts their claim that they face any kind of new threat from HHS in the weeks after July 5, 2024, based on HHS's codification of that policy in the Final Rule.

6. Plaintiffs propose an extremely compressed briefing schedule for a case like this one, which would have Defendants' response due June 5—less than two weeks away. Defendants, by contrast, are only seeking an additional eight days beyond those to which Plaintiffs will consent, which is also a very speedy briefing

---

[1] Further, the mandatory procedures for administrative enforcement before any covered entity is threatened with a loss of federal funds are lengthy. They include notice of a potential violation, a mandatory attempt to mediate the potential violation, formal adjudication and administrative hearings, notice to House and Senate committees, and the opportunity for judicial review by an Article III judge.  "At each point in any putative enforcement process, Plaintiffs would be able to raise the same claims they now raise (well before any enforcement action has been taken)."  *Am. College of Pediatricians v. Becerra*, No. 1:21-cv-195, 2022 WL 17084365, at *15 (E.D. Tenn. Nov. 18, 2022).

schedule (particularly for a case in which significant review and coordination will be required within the Executive Branch). No additional expedition is necessary or appropriate.

THEREFORE, Defendants respectfully request that the Court extend the time to respond to Plaintiffs' motion up to and including June 13, 2024.

## Local Rule 3.01(g) Certification

Undersigned counsel conferred with Plaintiffs' counsel by e-mail about the relief requested in this motion. Plaintiffs would consent to a 7-day extension. Plaintiffs oppose a 15-day extension of time.

Dated: May 24, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
BRADLEY P. HUMPHREYS
Senior Trial Counsel
LISA ZEIDNER MARCUS
Senior Counsel
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8460
Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*