**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STATE OF FLORIDA**, *et al.*,

      **Plaintiffs**,

v.   Case No.   8:24-CV-01080-WFJ

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,** *et al.*

      **Defendants.**

---

**NOTICE OF PENDENCY OF OTHER ACTIONS**

In accordance with Local Rule 1.07(c), I certify that the instant action:

_X_   IS   related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

**I.**   *Neese et al. v. Becerra et al.*, **No. 2:21-cv-00163-Z (N.D. Tex.), appeal pending, No. 23-10078 (5th Cir.)**

*Neese* involves a challenge, under the Administrative Procedure Act (APA), to a 2021 Notice of Interpretation issued by HHS. *See Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972*, 86 Fed. Reg. 27,984 (May 25, 2021). The defendants in *Neese* are Xavier Becerra, in his official capacity as Secretary of the United States Department of Health and Human Services (HHS), and the United States of America.

On November 22, 2022, the *Neese* court certified the following class under Federal Rule of Civil Procedure 23(b)(2): "All health-care providers subject to Section

1557 of the Affordable Care Act." ECF No. 70 (attached as Exhibit (Ex.) 1).[1]" On the same date, the *Neese* court entered final judgment. ECF No. 71 (attached as Ex. 2). The *Neese* judgment declares:

- Plaintiffs and members of the certified class need not comply with the interpretation of "sex" discrimination adopted by Defendant Becerra in his Notification of Interpretation and Enforcement of May 10, 2021; and

- Section 1557 of the ACA does not prohibit discrimination on account of sexual orientation and gender identity, and the interpretation of "sex" discrimination that the Supreme Court of the United States adopted in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), is inapplicable to the prohibitions on "sex" discrimination in Title IX of the Education Amendments of 1972 and in Section 1557 of the ACA.

*Id*. The *Neese* court declined to enter injunctive relief and instead granted summary judgment for defendants insofar as the certified class sought injunctive relief. *Id*. Defendants appealed the district court's judgment to the United States Court of Appeals for the Fifth Circuit, and the appeal was assigned Docket Number 23-10078. The Fifth Circuit heard argument on January 8, 2024, and Defendants' appeal remains pending.

HHS Office for Civil Rights (OCR) will not take enforcement action against healthcare facilities identified by Florida in Compl. ¶ 17 and ECF 12-2 (Decl. of Kevin Bailey), or against CMA members insofar as they engage in the kind of gender identity discrimination addressed in *Neese* in any health care provider capacity, as long as the *Neese* judgment is in effect. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522, 37,574 n.118 (May 6, 2024).

---

[1] Citations to ECF docket entries in this notice are citations to the docket entries in the relevant related action unless the context provides otherwise.

2

II. *American College of Pediatricians, Catholic Medical Association, and Jeanie Dassow, M.D. v. Becerra, et al.*, No. 1:21-cv-00195-TRM-SKL (E.D. Tenn.), appeal pending, No. 23-5053 (6th Cir.)

In *American College of Pediatricians* (*ACP*), several plaintiffs filed suit on behalf of their members challenging a purported "Section 1557 gender identity mandate" as violating the APA, the First Amendment, the Religious Freedom Restoration Act, structural principles of federalism, the Spending Clause, and the Tenth Amendment. ECF No 1. CMA is a plaintiff in both *ACP* and this suit. Defendants in *ACP* are Defendants in this action as well.[2] On November 10, 2021, CMA filed an amended complaint in *ACP* seeking some of the same relief on behalf of its members that it is seeking on their behalf in this suit. ECF No. 15 (attached as Ex. 3) In the amended complaint, among other relief, CMA seeks a

> preliminary and permanent injunction against implementation, enforcement, or application of a gender identity nondiscrimination mandate under Section 1557 of the ACA, by Defendants, . . . including any actions to deny federal financial assistance or qualification for participation in federally funded programs or activities because of the failure to perform, offer, endorse, proscribe or refer for gender interventions, or by otherwise pursuing, charging, or assessing any penalties, fines, assessments, investigations, or other enforcement actions

*Id.*, Prayer for Relief ¶ A(3). CMA also requests a

> declaratory judgment that Section 1557 of the ACA does not prohibit discrimination on the basis of gender identity.

*Id.*, Prayer for Relief ¶ A(5).

---

[2] The Centers for Medicare & Medicaid Services (CMS) and the Administrator of CMS are Defendants in this suit but not in *ACP*.

3

On November 18, 2022, the *ACP* district court issued a Memorandum Opinion and Order dismissing the case for lack of Article III standing. ECF Nos. 61, 62 (attached as Ex. 4). CMA appealed the decision to the United States Court of Appeals for the Sixth Circuit. ECF No. 63. CMA's appeal was assigned Docket Number 23-5053. The Sixth Circuit heard argument in the appeal on December 6, 2023.

On May 8, 2024, the Sixth Circuit requested supplemental briefing addressing the import of the Final Rule promulgated by HHS that CMA also challenges in this action. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2022). Defendants and CMA filed supplemental briefs on May 29, 2024. ECF Nos. 43, 44 (attached as Ex. 5). Defendants explained that the Final Rule makes even clearer that CMA's members face no imminent threat of enforcement by Defendants given new provisions the Final Rule has established for providers to rely upon conscience and religious freedom protections for specific conduct and to prospectively seek written assurances of those exemptions if they wish. Ex. 5 at 23-38. CMA's appeal remains pending before the Sixth Circuit.

### III.  *Dekker v. Weida*, No. 4:22-cv-00325-RH-MAF (N.D. Fla.), appeal pending, No. 23-12155 (11th Cir.)

In *Dekker*, plaintiffs contend that Florida violates Section 1557 by enforcing Florida Statutes § 286.311(2) and Florida Administrative Code rule 59G-1.050(7) because the provisions draw lines based on sex and the State's proffered nondiscriminatory justifications for the provisions are pretextual. ECF No. 246 at 30-31, 37-38, 51. Jason Weida, in his official capacity as Secretary of the Florida Agency

for Health Care Administration ("AHCA"), and AHCA itself, are defendants. The district court found that the plaintiffs are entitled to prevail on their Section 1557 claim. *Dekker v. Weida*, 679 F. Supp. 3d 1271, 1298 (N.D. Fla. 2023). Among other relief, the district court entered a declaratory judgment as follows:

> It is declared that Florida Statutes [§ 286.311(2)[3]] and Florida Administrative Code rule 59G-1.050(7) are invalid to the extent they categorically ban Medicaid payment for puberty blockers and cross-sex hormones for the treatment of gender dysphoria.

ECF No. 247 (attached as Ex. 6). Florida has appealed the district court judgment to the United States Court of Appeals for the Eleventh Circuit. ECF No. 248. Florida's appeal has been assigned Docket Number 23-12155. On December 4, 2023, the United States submitted an amicus brief in support of plaintiff-appellees and urging affirmance. The appeal remains pending before the Eleventh Circuit and has not yet been orally argued.

On October 4, 2023, the *Dekker* plaintiffs filed a Motion to Enforce the Court's Judgment or, Alternatively, to Clarify the Court's Judgment. In the motion, the *Dekker* plaintiffs alleged that AHCA had continued to enforce provisions that the court had declared invalid. ECF No. 258. In their opposition, Secretary Weida and AHCA stated that they had not sought a stay of the district court's judgment pending appeal "and have otherwise complied with the Final Judgment." ECF No. 259 (attached as

---

[3] As the district court later explained, the court's orders and judgment refer to Florida's statutory ban on Medicaid payment for puberty blockers and cross-sex hormones as Florida Statutes § 286.31(2) because the bill adopting the provision sought to codify the provision there. However, the Florida Reviser of Statutes ultimately codified the provision as § 286.311(2) after the Legislature enacted two provisions that both were to be codified at § 286.31(2). ECF No. 266 at 8.

Ex. 7). Quoting an earlier e-mail to Plaintiffs' counsel, Florida represented to the court that it "'will not enforce [§ 286.311(2)'s] prohibition on 'managed care plan[s] providing services under part IV of chapter 409' because '[t]he best and most obvious reading of this statutory provision is that it serves as a categorical ban on the use of puberty blockers and cross-sex hormones.'" *Id*. at 3. Florida further represented to the court that the State "'will enforce rule 59G-1.050(7) to bar the use of puberty blockers and cross-sex hormones unless someone submits [a petition for] and obtains a [] variance or waiver under § 120.542 of the Florida Statute[s].'" *Id*. Florida argued that, given the availability of waivers, the State was "not enforcing Rule 59G-1.050(7) as a categorical ban on Medicaid coverage of hormonal treatment for gender dysphoria." *Id*. at 5.

In this action, AHCA is a Plaintiff. ECF No 1. The Complaint includes allegations referring to the same statutory and regulatory provisions declared invalid by the *Dekker* court and that Florida has represented to the *Dekker* court it is not enforcing. *Id*. ¶¶ 8, 114, 115, 121, 128, 171, 175. Those allegations are incorporated by reference into every count in the Complaint. *Id*. ¶¶ 216, 238, 251, 258, 277, 287, 293, 301. Among other relief, AHCA seeks a judgment declaring "that under any theory of Section 1557 and Title IX, Defendants may not require [AHCA] to . . . refrain from . . . categorically rejecting 'gender transition' interventions" under Florida Statutes § 286.311(2) and Florida Administrative Code rule 59G-1.050(7). *Id*., Prayer for Relief ¶ e(i).

6

**IV.** *Doe v. Ladapo*, **No. 4:23-cv-00114-RH-MAF (N.D. Fla.)**

On June 11, 2024, the district court in *Doe v. Ladapo* entered classwide declaratory and injunctive relief in a case involving several Florida statutes and agency regulations, including Florida Statutes §§ 456.52(1), 456.52(3), 456.52(5), and Florida Administrative Code rules 64B8ER23-7, 64B15ER23-9, 64B8ER23-11, and 64B15ER23-12. *Doe v. Ladapo*, --- F. Supp. 3d ---, 2024 WL 2947123, at *39-41 (N.D. Fla. June 11, 2024). Official capacity Florida defendants are enjoined from enforcing these statutes and rules in many applications. *Id*. at *40. In this action, the Complaint includes allegations referring to the same provisions. Compl. ¶ 128.

**V.** *McComb Children's Clinic, LTD. v. Becerra, et al.*, **No. 5:24-cv-00048-KS-LGI (S.D. Miss.)**

On May 13, 2024, plaintiff McComb Children's Clinic, LTD. (MCC) filed a complaint against the same parties named as Defendants in this action to challenge the same Final Rule challenged here. ECF No. 1 (attached as Ex. 8). Among other relief, MCC is seeking an order under 5 U.S.C. § 705 that the court enjoin and declare the rule unenforceable on a preliminary basis and delay its effective date. *Id*., Prayer for Relief ¶ D. MCC is also seeking a declaratory judgment "that Section 1557 of the ACA, Title IX of the Education Amendments Act of 1972, and Section 504 of the Rehabilitation Act as incorporated therein do not prohibit discrimination on the basis of gender identity under the ACA." *Id.*, Prayer for Relief ¶ E.

**VI.** *Catholic Benefits Association, et al. v. Becerra, et al.*, **No. 3:23-cv-203-PDW-ARS (D.N.D.)**

On May 30, 2024, plaintiffs the Catholic Benefits Association (CBA), Sisters of St. Francis of the Immaculate Heart of St. Mary; St. Anne's Guest Home; and St. Gerard's Community of Care filed an amended complaint against the Secretary of HHS and HHS itself—two Defendants in this suit—as well as the United States Equal Employment Opportunity Commission (EEOC) and the Chair of the EEOC. ECF No. 46 (attached as Ex. 9). Among other relief, the *CBA* plaintiffs are seeking an injunction prohibiting HHS from interpreting or enforcing Section 1557 against CBA members in a manner that would require them to perform gender-transition procedures. *Id.*, Prayer for Relief ¶ C(a). Both CBA and CMA allege to be organizations consisting of Catholic members. CBA alleges that its membership includes hospitals, medical clinics, physicians medical practice groups, skilled nursing facilities, and other healthcare entities. *Id.* ¶ 57. At least as of several years ago, CMA itself was alleged to be a member of CBA. *See Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 597, 602 (8th Cir. 2022). Because Defendants otherwise lack specific information about the membership of CBA and CMA, Defendants do not know whether the membership of CBA and CMA overlap in additional ways.

**VII.** *State of Tennessee, et al. v. Becerra, et al.*, **No. 1:24-cv-00161-LG-BWR (S.D. Miss.)**

On May 30, 2024, the following states filed a complaint in the U.S. District Court for the Southern District of Mississippi: Tennessee, Mississippi, Alabama,

Georgia, Indiana, Kansas, Kentucky, Louisiana, Nebraska, Ohio, Oklahoma, South Carolina, South Dakota, Virginia, and West Virginia. ECF No. 1 (attached as Ex. 10). Defendants are the same as the Defendants in this action. *Id*. Among other relief, the *Tennessee* plaintiffs seek a "stay of the Final Rule's effective date under 5 U.S.C. § 705 and a preliminary injunction enjoining Defendants, . . . from enforcing or implementing [certain] portions of the 2024 Rule." *Id*., Prayer for Relief, (a).

**VIII.   *State of Texas, et al. v. Becerra, et al.*, No. 6:24-cv-00211-JCB (E.D. Tex.).**

On June 10, 2024, the States of Texas and Montana filed a complaint in the U.S. District Court for the Eastern District of Texas. ECF No. 1 (attached as Ex. 11). Defendants in that action are also Defendants in this case. *Id*. Among other relief, the *Texas* plaintiffs seek a "stay of the Final Rule's effective date under 5 U.S.C. § 705" and a preliminary injunction enjoining Defendants "from interpreting or enforcing Section 1557" to bar discrimination based on gender identity." *Id*., Prayer for Relief.

\_\_\_\_\_   IS NOT     related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

Dated: June 13, 2024                                      Respectfully submitted,

BRIAN M. BOYNTON                                          */s/ Liam C. Holland*
Principal Deputy                                          BRADLEY P. HUMPHREYS
Assistant Attorney General                                Senior Trial Counsel
                                                          LISA ZEIDNER MARCUS
MICHELLE R. BENNETT                                       Senior Counsel
Assistant Director,                                       LIAM C. HOLLAND
Federal Programs Branch                                   JEREMY S.B. NEWMAN
                                                          Trial Attorneys
                                                          United States Department of Justice
                                                          Civil Division, Federal Programs Branch
                                                          1100 L Street, N.W.
                                                          Washington, DC 20005
                                                          Tel: (202) 514-4964

                    Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*