## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **STATE OF FLORIDA**, et al. | |
| Plaintiffs, | |
| v. | Case No. 8:24-CV-1080-WFJ-TGW |
| **DEPARTMENT OF HEALTH AND HUMAN SERVICES**, et al., | |
| Defendants. | |

## MOTION TO STAY PROCEEDINGS

Defendants respectfully request that the Court stay further district court proceedings in this case until Defendants' appeal from this Court's Order granting Plaintiffs' motion for a preliminary injunction, ECF No. 41, is finally resolved.  *See* Notice of Appeal, ECF No. 46.  The Eleventh Circuit has held that a stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings.  *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).  Such a stay would not prejudice Plaintiffs because Florida and Catholic Medical Association ("CMA") members are already protected by the preliminary injunction and stay order issued by this Court, ECF No. 41, as well as a nationwide preliminary injunction, stay orders, and a declaratory judgment issued by district courts in Mississippi and Texas.  *See* Preliminary Injunction, *Tennessee v. Becerra*, No. 1:24-cv-161 (S.D. Miss. July 3,

2024), ECF No. 30 (covering entities nationwide); Order Modifying Stay, *Texas v. Becerra*, No. 6:24-cv-211 (E.D. Tex. Aug. 30, 2024), ECF No. 41 (same); Final Judgment, *Neese v. Becerra*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71 (applying to a class of all health-care providers subject to § 1557 nationwide). Moreover, a stay would conserve resources of the Court and the parties and minimize the risk of conflicting decisions. Defendants have conferred with Plaintiffs' counsel about this stay request, and Plaintiffs oppose such relief.

Should this Court deny Defendants' request for a stay, Defendants respectfully ask, in the alternative, for an extension of time to respond to the Complaint until 21 days after any such denial.[1] Defendants have also conferred with Plaintiffs' counsel about this extension request, and Plaintiffs do not oppose a 21-day extension of the current response deadline (i.e., to September 30, 2024), provided that Defendants would not oppose a motion for leave to amend Plaintiffs' Complaint filed within that same time period—a condition to which Defendants consent (i.e., Defendants would not oppose such a motion to amend).

## BACKGROUND

This action challenges the lawfulness of parts of a rule (the "2024 Rule") promulgated by the United States Department of Health and Human Services ("HHS") to implement § 1557 of the Affordable Care Act, the statute's antidiscrimination provision. ECF No. 1. Plaintiffs sought a preliminary injunction,

---

[1] Defendants' current deadline to respond to the Complaint is September 9, 2024. *See* ECF No. 43.

focusing on the 2024 Rule's provisions addressing discrimination on the basis of gender identity.  ECF No. 12.  Defendants opposed, arguing, *inter alia*, that Plaintiffs were not likely to succeed on the merits of their challenge.  ECF No. 33.  On July 3, 2024, this Court issued an order that, among other things, preliminarily enjoined Defendants from enforcing § 1557, 42 U.S.C. § 18116(a), based on the interpretation of discrimination "on the basis of sex" that the 2024 Rule codifies at 45 C.F.R. §§ 92.101(a)(2)(iv), 92.206(b), or 92.207(b)(3)-(5) (the "PI Order").  ECF No. 41 at 49. The PI Order "runs throughout the State of Florida, applying to all Plaintiffs . . . [and] all covered entities within Florida." *Id*. at 49-50.

On August 30, 2024, Defendants appealed this Court's PI Order to the Eleventh Circuit Court of Appeals.  ECF No. 46.  Defendants' deadline to answer or otherwise respond to the complaint is currently September 9, 2024.  *See* ECF No. 43.

## ARGUMENT

The Court should stay further district court proceedings in this case until Defendants' appeal of the PI Order to the Eleventh Circuit is finally resolved.  A stay is supported by all of the traditional stay factors.  A stay is independently justified by considerations arising from the class-wide declaratory judgment in *Neese v. Becerra*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71, which, unless overturned on jurisdictional grounds, has preclusive implications here.  Alternatively, should this Court deny Defendants' request for a stay, Defendants respectfully ask for an extension of time to respond to the Complaint until 21 days after any such denial.

## I.     The Traditional Stay Factors Justify a Stay.

The Court should stay further district court proceedings in this case pending Defendants' appeal of the PI Order because a ruling by the appellate court is likely to provide substantial, if not dispositive, guidance to this Court and the parties in resolving the merits issues presented in this case.  Moreover, a stay could not possibly prejudice Plaintiffs because Florida and CMA members are protected by preliminary injunctions, stays, and a declaratory judgment issued by this Court and other district courts.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  When determining whether to grant a stay, courts consider (1) whether the litigation is at an early stage, (2) whether a stay will unduly prejudice the non-moving party, (3) whether a stay will simplify the issues in question, and (4) whether a stay will reduce the burdens of litigation on the parties and the Court.  *Ring v. City of Gulfport*, No. 8:20-cv-593, 2020 WL 3895435, at *2 (M.D. Fla. July 10, 2020).

Weighing these factors confirms that a stay is warranted here.  First, the litigation is an at early stage.  Defendants have yet to answer or otherwise respond to Plaintiffs' Complaint.  *See id.* (noting that the first factor weighed in favor of a stay when a "motion to dismiss remain[ed] pending").

Second, a stay of proceedings would not prejudice Plaintiffs because Florida and CMA members are protected by this Court's preliminary injunction, as well as preliminary injunctions, stay orders, and a declaratory judgment issued by other

district courts.  Although this Court's preliminary injunction does not extend to covered entities outside of Florida, a district court in Mississippi has stayed portions of the 2024 Rule "in so far as [it] is intended to extend discrimination on the basis of sex to include discrimination on the basis of gender identity" and enjoined Defendants "nationwide from enforcing, relying on, implementing, or otherwise acting pursuant to the [2024 Rule], to the extent that [it] provides that 'sex' discrimination encompasses gender identity."  Preliminary Injunction, *Tennessee*, No. 1:24-cv-161 (S.D. Miss. July 3, 2024), ECF No. 30.  Similarly, a district court in Texas has stayed nationwide certain portions of the 2024 Rule "interpret[ing] . . . discrimination 'on the basis of sex.'"  Order Modifying Stay, *Texas*, No. 6:24-cv-211 (E.D. Tex. Aug. 30, 2024), ECF No. 41.  Moreover, CMA members that are *Neese* class members have already obtained a declaratory judgment against HHS declaring that "Section 1557 of the ACA does not prohibit discrimination on account of . . . gender identity."  Final Judgment at 1, *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71.

The proposed stay would not affect this Court's preliminary injunction or these other court orders at all and would merely stay further litigation in this Court pending a decision from the Eleventh Circuit on potentially dispositive issues. *See, e.g.*, *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440-41 (S.D. Ohio 2023) (finding no prejudice to a plaintiff from a stay because the challenged program "is currently enjoined"); *Washington v. Trump,* No. 17-cv-141, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from a stay would be "minimal—if there is any at all" in light of the preliminary injunctive relief already in effect); *Hawaii v.*

*Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (same); *Boardman v. Pac. Seafood Grp.*, No. 1:15-cv-108, 2015 WL 13744253, at *2 (D. Or. Aug. 6, 2015) (same); *see also Whitman-Walker Clinic v. HHS*, No. 20-cv-1650, 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021) (finding that prejudice to plaintiffs from a stay of proceedings was minimal where the provisions of the Rule "that form the heart of Plaintiffs' objections are currently—and will remain—enjoined").

The remaining factors—which courts can "address in tandem," *Ring*, 2020 WL 3895435, at *3—also support the requested stay.  Requiring Defendants to defend this action without waiting for the Eleventh Circuit's views on the issues raised in this case would be a wasteful exercise.  *See*, *e.g.*, *Whitman-Walker*, 2021 WL 4033072, at *3 ("In the interim, a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain.").  If district court proceedings continue while an appeal is ongoing, Defendants will have to litigate the same issues in this Court that will be under review in the Eleventh Circuit.  "[I]t makes no sense" to litigate such issues simultaneously.  *See United States v. Abbott*, 92 F.4th 570, 571 (5th Cir. 2024) (Mem.) (Jones, J., concurring); *see also Ring*, 2020 WL 3895435, at *4 (noting that a current ruling by the district court would risk having "the very underpinnings of [its] decision upended by a later decision from the Eleventh Circuit, forcing the Court and the parties to return to square one").  An Eleventh Circuit ruling on appeal could prove fully or partially dispositive of the issues in this case or, at the very least, will have a substantial impact on the litigation going forward.

For similar reasons, there are obvious benefits to judicial economy in awaiting further guidance from the Eleventh Circuit.  As noted above, an Eleventh Circuit ruling may prove dispositive or, at the very least, provide guidance on relevant legal issues and facilitate further proceedings in this case.  A stay will also minimize the risk of conflicting decisions that could result from simultaneously litigating the same issues in this Court and the Eleventh Circuit.  "Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources."   *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017).

For precisely these reasons, the Eleventh Circuit has held that awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" provide "a good . . . if not an excellent" "reason for [a] district court's stay."   *See Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198. Indeed, courts in this district frequently stay proceedings where issues in the litigation are pending before a higher court.  *See, e.g., Simpson v. J.G. Wentworth Co.*, No. 8:23-cv-152, 2023 WL 3029820, at *1 (M.D. Fla. Apr. 17, 2023); *Ferrari v. Receivables Mgmt. Partners, LLC,* No. 8:21-cv-2526, 2022 WL 738560, at *1 (M.D. Fla. Feb. 3, 2022); *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-cv-1798, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021); *McCord v. Comm'r of Social Sec.*, No. 2:19-cv-319, 2020 WL 6119383, at *2 (M.D. Fla. Oct. 16, 2020); *Ring*, 2020 WL 3895435, at *4; *Rodriguez v. DFS Servs., LLC*, No. 8:15-cv-2601, 2016 WL 369052, at *2-3 (M.D. Fla. Feb. 1, 2016).

Accordingly, the Court should stay further district court proceedings in this case until Defendants' appeal of the PI Order is finally resolved.

## II.    The *Neese* Final Judgment Independently Warrants a Stay.

The class-wide final judgment in *Neese* has preclusive implications for this case and thus independently warrants a stay of proceedings here.  In 2021, HHS notified the public that it "will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include . . . discrimination on the basis of gender identity."  *Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972*, 86 Fed. Reg. 27,984, 27,985 (May 25, 2021).  After HHS issued that notice, two health care providers filed a putative class action complaint against HHS demanding declaratory and injunctive relief.  Compl., *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Aug. 25, 2021), ECF No. 1.  In late 2022, the *Neese* court certified the following class under Federal Rule of Civil Procedure 23(b)(2): "All health-care providers subject to Section 1557 of the Affordable Care Act."  Order at 1, *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 70.  The *Neese* court then entered a judgment for the class against HHS, declaring that "Section 1557 of the ACA does not prohibit discrimination on account of . . . gender identity."  Final Judgment at 1, *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71.

As long as it remains valid, the *Neese* judgment "conclusively resolves" the issue of whether § 1557 prohibits discrimination on the basis of gender identity as between

HHS and health care provider class members, including CMA members. *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023). "[T]he point of a declaratory judgment 'is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.'" *Id.* (citation omitted). "[C]laim preclusion is the core idea of the class action: the procedural form exists precisely to liquidate the claims of many common stakeholders through litigation by a representative few of them." William B. Rubenstein, Newberg and Rubenstein on Class Actions § 18:14 (6th ed. 2024). "If the representatives prevail, the class members may take advantage of that victory" but "are then barred from litigating again themselves." *Id.* "The effect of a judgment in an action under Rule 23(b)(2) is . . . that all class members generally will be bound." Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1775 (3d ed. 2024); *see also Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982).

The fact that *Neese* is on appeal before the Fifth Circuit does not undermine its preclusive effect. The former Fifth Circuit[2] and other circuits have held that "the fact that a judgment is pending on appeal ordinarily does not detract from its finality (and therefore its preclusive effect) for the purposes of subsequent litigation." *Blinder, Robinson & Co., Inc. v. SEC*, 837 F.2d 1099, 1104 n.6 (D.C. Cir. 1988) (citing *Martin v. Malhoyt*, 830 F.2d 237, 265 (D.C. Cir. 1987)); *see also Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Tr. Co. of Vidalia*, 510 F.2d 272, 273 (5th Cir. 1975); *Prager v. El Paso*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

*Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969) ("The fact that the judgment is now on appeal to the New Mexico Supreme Court (where it remains undecided) has no effect on its absolute effect as a bar.").

Nor can there be doubt that Plaintiffs in this case are seeking to protect *Neese* class members from HHS enforcement of § 1557 as encompassing gender identity discrimination. For example, CMA has filed this suit on behalf of its members. Compl. ¶ 22. And many—if not all—CMA members are *Neese* class members. *Compare id.* ("Most CMA members provide medical care in health programs and activities that receive federal financial assistance and are subject to Section 1557."), *with*, Order at 1, *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 70 (certifying a class of "[a]ll health-care providers subject to Section 1557"). For its part, Florida is seeking to prevent HHS from enforcing § 1557 as encompassing gender identity discrimination against its Intermediate Care Facilities for the Developmentally Disabled ("ICF/DDs"), also known as Developmental Disabilities Centers ("DDCs"), which are operated by the Florida Agency for Persons with Disabilities. *Compare* Decl. of J. Kevin Bailey ¶¶ 2, 10, 26 (stating that ICF/DDs provide "dental services, . . . nursing services, pharmacy services, physician services, rehabilitative services," etc. and are "covered entities under Section 1557"), *with* Order at 1, *Neese*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 70.[3]

---

[3] Even if any ambiguity existed as to whether CMA members and Florida DDCs are members of the *Neese* class or as to other aspects about the reach of the *Neese* final judgment, the *Neese* court, not this Court, is responsible for construing its order. This Court must "avoid[] trenching on the authority of its sister court" to construe its orders. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606

At least until the Government's appeal in *Neese* is finally resolved, proceedings in this case should be stayed.  Courts have grappled with the problem of "[a]ccording preclusive effect to a judgment from which an appeal has been taken," noting that doing so "risks denying relief on the basis of a judgment that is subsequently over-turned."  *See Martin*, 830 F.2d at 264.  And the "solution to this dilemma is to defer consideration of the preclusion question until the appellate proceedings addressed to the prior judgment are concluded."  *Id.* at 265.  A stay (as opposed to dismissal) is particularly appropriate given the Government's arguments on appeal in *Neese* that the district court lacked subject matter jurisdiction, which if successful would render the district court without authority to enter judgment either for or against the class.  *See BC Waycross Spring Hill, LLC v. FL Spring Hill Cortez, LLC*, No. 8:22-cv-1397, 2022 WL 18492708, at *2 (M.D. Fla. Sept. 6, 2022) (holding that a stay was most appropriate "where the jurisdiction of the first-filed court is in question").

A stay is also consistent with the principle that members of a certified class "should not be allowed to litigate the same issue at the same time in more than one federal court" before entry of final judgment.  *Rother v. Austin*, 62 F.4th 1114, 1117 (8th Cir. 2023) (citation omitted); *see also Green v. McKaskle*, 770 F.2d 445, 447 (5th Cir. 1985) ("[T]he individual class member should be barred from pursuing his own individual lawsuit that seeks equitable relief within the subject matter of the class

_____

(5th Cir. 1999); *see also Chancey v. Biden*, No. 1:22-cv-110, 2022 WL 20087119, at *1 (N.D. Fla. July 22, 2022) (denying a request for a district court to clarify whether plaintiffs are members of another court's certified class).

action."); *Wynn v. Vilsack*, No. 3:21-cv-514, 2021 WL 7501821, at *3 (M.D. Fla. Dec. 7, 2021); *Hu v. U.S. Dep't of Homeland Sec.*, No. 4:17-cv-02363, 2018 WL 1251911, at *4-5 (E.D. Mo. Mar. 12, 2018).

The inappropriateness of proceeding in this action while *Neese* is pending on appeal provides further support for Defendants' request that the Court stay district court proceedings in this case until Defendants' appeal of the PI Order is finally resolved.

### III.   In the Alternative, the Court Should Extend the Deadline to Respond to the Complaint.

Alternatively, if the Court decides to deny a stay of proceedings, Defendants respectfully request an extension of the current September 9, 2024 deadline to respond to Plaintiffs' Complaint until 21 days after any such denial.  Good cause supports the requested extension.  Such an extension would allow Defendants to obtain a Court ruling on their request for a stay, which Defendants have sought in good faith and which, in their view, is supported by good cause and the interests of judicial and party economy.  Defendants further submit that 21 days is a reasonable amount of additional time to respond to Plaintiffs' Complaint, which is eighty-four pages and 312 paragraphs long.  Defendants also note that additional time to respond to the Complaint is needed due to the press of other business as well as the annual leave of attorneys assigned to this matter.  Defendants have requested only one prior extension of time to respond to the Complaint, which was granted.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further district court proceedings in this case until Defendants' appeal from this Court's Order granting Plaintiffs' motion for a preliminary injunction, ECF No. 41, is finally resolved. Alternatively, should this Court deny Defendants' request for a stay, Defendants respectfully ask for an extension of time to respond to the Complaint until 21 days after any such denial.


Dated: September 3, 2024         Respectfully submitted,

                       BRIAN M. BOYNTON
                       Principal Deputy Assistant Attorney General


                       MICHELLE R. BENNETT
                       Assistant Director, Federal Programs Branch

                       */s/ Zachary W. Sherwood*
                       ZACHARY W. SHERWOOD
                       (IN Bar No. 37147-49)
                       LIAM C. HOLLAND (Lead counsel)
                       Trial Attorneys
                       United States Department of Justice
                       Civil Division, Federal Programs Branch
                       1100 L Street, N.W.
                       Washington, DC 20005
                       Tel: (202) 616-8467
                       Fax: (202) 616-8470
                       Email: zachary.w.sherwood@usdoj.gov

                       *Counsel for Defendants*

## <u>Local Rule 3.01(g) Certification</u>

Undersigned counsel conferred with Plaintiffs' counsel via email on August 29, 2024, and September 3, 2024, about the relief requested in this motion.  Plaintiffs oppose Defendants' request to stay district court proceedings.  As for Defendants' extension request, Plaintiffs do not oppose a 21-day extension of the current response deadline (i.e., to September 30, 2024), provided that Defendants would not oppose a motion for leave to amend Plaintiffs' Complaint filed within that same time period—a condition to which Defendants consent (i.e., Defendants would not oppose such a motion to amend).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD