IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA; FLORIDA AGENCY
FOR HEALTH CARE ADMINISTRATION;
FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES; CATHOLIC
MEDICAL ASSOCIATION, on behalf of its
current and future members,

    *Plaintiffs*,

    v.                                              No. 8:24-cv-1080-WFJ-TGW

DEPARTMENT OF HEALTH AND
HUMAN SERVICES; ROBERT F.
KENNEDY, JR., in his official capacity as
Secretary of the Department of Health and
Human Services; ANTHONY ARCHEVAL,
in his official capacity as the Acting Director of
the Office for Civil Rights; CENTERS FOR
MEDICARE AND MEDICAID SERVICES;
STEPHANIE CARLTON, in her official
capacity as Acting Administrator of the Centers
for Medicare and Medicaid Services,[1]

    *Defendants*.

**PLAINTIFFS' MOTION TO REOPEN AND TO CLARIFY**

---

[1] Caption updated pursuant to Federal Rule Civil Procedure 25(d).

Plaintiffs respectfully move to reopen this case, set a deadline to file motions to govern, and clarify the effect, if any, of the Court's April 9, 2025, full closure order. ECF 71. Defendants (HHS) state that they "would like to review the motion before taking a position and anticipate filing a response within the time permitted under Local Rule 3.01(c)." In support of this motion, Plaintiffs state as follows:

## BACKGROUND

1. On May 6, 2024, HHS published a final rule entitled "Nondiscrimination in Health Programs and Activities." 89 Fed. Reg. 37,522 (May 6, 2024). That final rule purports to implement Section 1557 of the Affordable Care Act ("ACA"). 42 U.S.C. § 18116(a).

2. On May 6, 2024, the same day the final rule was published, Plaintiffs filed the Complaint in this case. ECF 1.

3. On May 15, 2024, Plaintiffs sought a stay of the effective date of the final rule and a preliminary injunction, given the rule's effective date of July 5, 2024. ECF 12.

4. On July 3, 2024, the Court granted Plaintiffs' motion for a stay and preliminary injunction "within the State of Florida" "[p]ending trial on the merits." ECF 41, at 1, 49–50. The Court, however, denied preliminary injunctive relief to the Catholic Medical Association and its members residing outside of Florida. *Id.* at 47–48.

5. On August 30, 2024, HHS filed an interlocutory appeal of this Court's July 3, 2024, order. ECF 46. On September 11, 2024, Plaintiff Catholic Medical Association filed a cross-appeal. ECF 52.

6. While the interlocutory appeal was pending, the Court stayed proceedings and directed the Clerk to administratively close the case, while noting that "[a]ny party may reopen at any time by filing a motion." ECF 62.

7. Following a change in agency leadership, HHS moved to dismiss its interlocutory appeal, and Catholic Medical Association filed a response thereto. On April 3, 2025, the Court of Appeals granted HHS's motion and construed the response of the Catholic Medical Association as a request to voluntarily dismiss its cross-appeal, which the Court also granted. ECF 70.

8. On April 9, 2025, following the dismissal of the interlocutory appeals, this Court directed the clerk to "lift the stay and convert the administrative closure into a full closure." ECF 71.

## ARGUMENT

Fully closing this civil action is not an appropriate disposition at this stage. This action has just progressed beyond the preliminary injunction stage. "Preliminary injunctions, however, do not conclusively resolve legal disputes. In awarding preliminary injunctions, courts determine if a plaintiff is *likely* to succeed on the merits—along with the risk of irreparable harm, the balance of equities, and the public

interest." *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025). With no final judgment on the merits, or even an answer to the Complaint, fully closing the case is premature.

Plaintiffs recognize that this Court has broad discretion to administer its docket. This Court may well decide to stay proceedings should such a stay be appropriate under the circumstances, and the parties may have different views on how to proceed. But the Court should allow the parties an opportunity to be heard on that question by entertaining motions to govern, rather than ordering full closure. Plaintiffs therefore respectfully request that, in reopening the case, the Court set a deadline for the parties to file motions to govern.[2]

Plaintiffs also respectfully request that this Court's order clarify the effect, if any, of its full closure order. Despite the full closure order, this Court has not dissolved the July 3 Order awarding a stay and preliminary injunction, and the Order continues to apply "pending trial on the merits," ECF 49, at 49. Plaintiffs thus continue to operate their affairs within the State of Florida on the assumption that this Court's July 3 Order remains operative and continues to stay the effective date of the final rule and to restrain HHS's enforcement actions pending further order from the Court. Further, Plaintiffs do not interpret the "full closure" order as a final judgment terminating proceedings that triggers the deadline for Plaintiffs to file a notice of appeal. Nevertheless, out of an abundance of caution, Plaintiffs respectfully request that the

---

[2] In a related action brought by other states, HHS has agreed to proceed directly to summary judgment briefing. *See State of Tennessee et al. v. Kennedy*, 24-cv-00161-LG-BWR, ECF No. 60.

4

Court clarify (1) that the July 3, 2024 Order remains in place notwithstanding the April 9, 2025 full closure order, and (2) that there is, to date, no final appealable judgment.

## CONCLUSION

The Court should (1) reopen the case and set a deadline to file motions to govern, (2) clarify that the July 3, 2024 Order remains operative notwithstanding the April 9, 2025 full closure order, and (3) clarify that there is, to date, no final appealable judgment.

Respectfully submitted,

| | |
|---|---|
| JAMES UTHMEIER<br>ATTORNEY GENERAL | /s/ JAMES R. CONDE<br>R. TRENT MCCOTTER (*pro hac vice*)<br>JAMES R. CONDE (*pro hac vice*)\*<br>Boyden Gray PLLC |
| JOHN GUARD<br>CHIEF DEPUTY ATTORNEY GENERAL | 800 Connecticut Ave NW, Suite 900<br>Washington, DC 20006<br>(202) 706-5488 |
| JEFFREY DESOUSA<br>ACTING SOLICITOR GENERAL | tmccotter@boydengray.com<br>jconde@boydengray.com |
| /s/ ALLEN L. HUANG<br>ALLEN L. HUANG\*<br>DEPUTY SOLICITOR GENERAL<br>Florida Bar No. 1045396 | *\* Lead Counsel*<br>*Counsel for Agency for Health Care Administration & Florida Department of Management Services* |
| Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax)<br>Allen.Huang@myfloridalegal.com | ANDREW T. SHEERAN<br>GENERAL COUNSEL<br>Florida Bar No. 0030599<br>Agency for Health Care Administration<br>2727 Mahan Drive, Mail Stop #3<br>Tallahassee, Florida 32308<br>(850) 412-3670<br>Andrew.Sheeran@ahca.myflorida.com |
| *\* Lead Counsel*<br>*Counsel for the State of Florida* | *Counsel for Agency for Health Care Administration* |

5

/s/ Matthew S. Bowman
MATTHEW S. BOWMAN (*pro hac vice*)
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
mbowman@ADFlegal.org

JULIE MARIE BLAKE (*pro hac vice*)\*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4790 (fax)
jblake@ADFlegal.org

DAVID A. CORTMAN
Florida Bar No. 18433
Alliance Defending Freedom
1000 Hurricane Shoals Road NE, Suite D1100
Lawrenceville, Georgia 30043
(770) 339-0774
(770) 339-6744 (fax)
dcortman@ADFlegal.org

ALLISON H. POPE (*pro hac vice*)
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4790 (fax)
apope@ADFlegal.org

*\* Lead Counsel*
*Counsel for Plaintiff Catholic Medical Association*

KRISTEN LARSON
GENERAL COUNSEL
Florida Bar No. 124770
Florida Department of Management Services
4050 Esplanade Way
Tallahassee, Florida 32399
(850) 922-2137
Kristen.Larson@dms.fl.gov

*Counsel for Florida Department of Management Services*

## **LOCAL RULE 3.01(G) CERTIFICATION**

I hereby certify that Plaintiffs conferred with the opposing party, via email and telephone, and Defendant HHS states that they "would like to review the motion before taking a position and anticipate filing a response within the time permitted under Local Rule 3.01(c)."

*/s/ James R. Conde*
James R. Conde

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2025, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties who have registered with CM/ECF and filed an appearance in this action.

*/s/ James R. Conde*
James R. Conde