# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

**STATE OF FLORIDA,** *et al.*

        Plaintiffs,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *et al.*

        Defendants.

Case No. 8:24-cv-01080-WFJ-TGW

## DEFENDANTS' STATUS REPORT AND RESPONSE TO PLAINTIFFS' MOTION TO REOPEN

On January 20, 2021, Donald J. Trump was inaugurated as the forty-seventh President of the United States. On the same day, the President issued an Executive Order titled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14,168, 90 Fed. Reg. 8615 (Jan. 30, 2025) ("*Defending Women*"). On January 28, 2025, the President issued an Executive Order titled "Protecting Children from Chemical and Surgical Mutilation." Exec. Order No. 14,187, 90 Fed. Reg. 8771 (Feb. 3, 2025) ("*Protecting Children*"). *Defending Women* provides that "[i]t is the policy of the United States to recognize two sexes, male and female." 90 Fed. Reg. at 8615. And "'[s]ex' shall refer to an individual's immutable biological classification as either male or female." *Id*. *Protecting Children* provides that "it is the policy of the United States that it will not fund, sponsor, promote, assist, or support the so-called 'transition' of a child from one sex to another[.]" 90 Fed. Reg. at 8771. In line with the President's executive orders, the Secretary of Health and Human Services has promulgated "guidance expanding on the sex-based distinctions set forth in" *Defending Women*. *See Defending Women* § 3(a); https://womenshealth.gov/article/sex-based-definitions.

Defendants are committed to implementing the President's executive orders and are considering the appropriate means for doing so. But Plaintiffs have nevertheless returned to this Court seeking to press forward with their claims for prospective equitable relief. The Court should not enter Plaintiffs' requested order. In particular, the Court should not reopen the case or require the parties to file motions to govern future proceedings. Rather, insofar as this Court's Order lifting the stay and

converting the administrative closure into a full closure, ECF No. 71, has caused confusion and uncertainty on the part of Plaintiffs, the Court could instead simply vacate that Order and direct the parties to confer about what further district court proceedings, if any, are necessary at this time.

## BACKGROUND

In September, this Court granted in part Defendants' motion to stay proceedings pending final resolution of their appeal of this Court's preliminary injunction, ECF No. 47. ECF No. 50. And after the November 2024 election, the Court contemplated "the likelihood of mootness given a pending change in administration." ECF No. 58. Ultimately, exercising its broad powers to manage its docket, the Court issued an order administratively closing the case in December 2024. ECF No. 62.

After the change in Presidential administrations, the President issued the *Defending Women* and *Protecting Children* Executive Orders. Thereafter, Defendants voluntarily dismissed their appeal of this Court's preliminary injunction and Plaintiff Catholic Medical Association dismissed its cross-appeal. ECF No. 70. Several days later, this Court issued an order directing the Clerk "to lift the stay and convert the administrative closure into a full closure." ECF No. 71.

On May 2, 2025, Plaintiffs filed a motion "to reopen and clarify." ECF No. 73. Specifically, Plaintiffs seek an order directing the Clerk "to reopen the case" and directing the parties to file "motions to govern future proceedings in this civil action[.]" ECF No. 73-1. The order they request would also include entry on the docket of statements about the continued effectiveness of this Court's preliminary injunction and

whether a final judgment has been entered. *Id.* On May 5, 2025, the Court issued an order taking Plaintiffs' motion to reopen under advisement and directing HHS to file a status update response within thirty days. ECF No. 74.

## ARGUMENT

### I. The Court Should Consider Vacating Its April 9 Order.

Plaintiffs argue that the Court's April 9 Order, ECF No. 71, has caused them confusion about whether the Court intended to enter final judgment and whether the Court intended to dissolve the preliminary injunction. *See* ECF No. 73 at 4-5. The parties do not dispute that this Court has not entered final judgment and that this Court's preliminary injunction has therefore not been dissolved. Entry of an order, declaratory in nature, reflecting that shared understanding by the parties is therefore unnecessary. *See Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (declaratory relief inappropriate where defendants "readily concede" issue and so the "legal relations between the parties are not uncertain or in need of clarification"); *Chancey v. Biden*, No. 1:22-cv-110-MW/GRJ, 2022 WL 20087120, at *2 (N.D. Fla. Aug. 25, 2022) (clarifying issues that "[n]obody disputes . . . serves no purpose").

Insofar as this Court's April 9 Order has caused confusion on the part of Plaintiffs, the Court could simply vacate it. A district court has the power to rescind its orders at any point prior to final judgment in a civil case. *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016) (citing *Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47-48 (1943)). Likewise, a district court has inherent authority to manage its docket and

3

courtroom with a view toward the efficient and expedient resolution of cases. *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Thus, the Court has ample inherent authority to vacate its order dated April 9, 2025, ECF No. 71. Doing so would make clear for Plaintiffs that the Court did not enter final judgment or dissolve the preliminary injunction. It would also make clear that the stay of proceedings remains in place. The Court's April 9 Order directed the Clerk to lift the stay of proceedings, but no party had moved the Court to lift that stay or provided a basis for doing so. *See* ECF No. 62. Nor could the April 9 Order's reference to the stay be understood as intended to resume active district court proceedings, given that it was paired with a directive that the Clerk convert the administrative closure into a full closure. ECF No. 71. Thus, vacatur of the Court's April 9 Order would more effectively redress any confusion that the order has caused Plaintiffs or with respect to the stay of proceedings in this case.

> II. **The Court Should Deny Plaintiffs' Request for an Order Reopening the Case or Requiring the Parties to File Motions to Govern Further Proceedings.**

Because vacatur of the Court's April 9 Order would fully address any confusion Plaintiffs complain of, there is no need to go further and "reopen the case" or direct the parties to "file motions to govern further proceedings" at this time, as Plaintiffs also request. Indeed, their motion points to no change in circumstance that necessitates altering the administrative closure that had long been in place, much less any pressing need to resume merits proceedings while the agency implements the President's Executive Orders.

4

As this Court predicted, *see* ECF No. 58, those Executive Orders have already had justiciability implications for this action. For example, this Court's preliminary injunction restraining Defendants from taking certain enforcement actions rested on its "envision[ing] of many . . . factual scenarios" for which an enforcement action would be unlawful, such as enforcement against a local hospital refusing "to even consider castrating a teenage gender dysphoria with healthy testicles." *Florida*, 739 F. Supp. 3d at 1107. But especially after *Protecting Children*, Plaintiffs and their members face no credible threat of any such enforcement action by Defendants, even setting aside the several injunctions and stays of enforcement issued by this Court and others.[1]

Defendants' ongoing implementation of the President's Executive Orders may also implicate Article III's adverseness requirement. Courts do not "give advisory opinions about issues as to which there are not adverse parties." *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982); *see also United States v. Windsor*, 570 U.S. 744, 759-63 (2013) (describing required "sharp adversarial presentation of the issues"). Defendants are committed to implementing the President's Executive Orders, which reflect policies not unaligned with those of Plaintiffs. *Compare Defending Women* §§ 3(f), 4(d), 5; *Protecting Children* § 1, *with* ECF No. 12 at 1, 5. And entry of final declaratory, injunctive, or other equitable relief against the Executive Branch is inappropriate

---

[1] *Cf. Neese v. Becerra*, 123 F.4th 751, 753-54 (5th Cir. 2024); *see Neese v. Becerra*, 127 F.4th 601, 602 (5th Cir. 2025) (Duncan, J., concurring) ("None of this may matter . . . in light of actions already taken by the new Administration."); *Protecting Children* § 5(a)(iv), 90 Fed. Reg. at 8,772 (directing HHS Secretary to "take all appropriate actions to end the chemical and surgical mutilation of children, including" under Section 1557).

"where it appears that a challenged" Executive Branch policy "is at the moment adjudication is sought, undergoing significant modification so that its ultimate form cannot be confidently predicted." *A.L. Mechling Barge Lines, Inc v. United States*, 368 U.S. 324, 331 (1961).[2]

Thus, rather than order that the case be reopened, or that motions to govern further proceedings be submitted, the Court should direct the parties to confer about what further proceedings, if any, are necessary at this time.

Dated: June 4, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8460
Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*

---

[2] That this case arises under the Administrative Procedure Act ("APA") is immaterial because the APA carries forward these principles. 5 U.S.C. §702(1); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158 & n.1 (D.C. Cir. 1999).